UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB,     Case No.: 7:22-cv-00120-VB
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS OWNER TRUSTEE OF THE ASPEN HOLDINGS
TRUST, A DELAWARE STATUTORY TRUST     JUDGMENT OF FORECLOSURE
                                                   Plaintiffs     AND SALE ORDER

-against-

JAMES B. SMITH, SUSAN J. SMITH, JENNY
BRANDAO,
                                                   Defendants.
-----------------------------------------------------------------X

On the Summons in a Civil Action (the "Summons") and Verified Complaint (the "Complaint") filed herein on January 6, 2022; on the Notice of Pendency filed in the Orange County Clerk's Office on February 2, 2022; upon the Clerk's Certificates of Default, entered on March 1, 2022; and upon the Order to Show Cause dated April 4, 2022, ~~of Plaintiff Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Solely As Owner Trustee Of The Aspen Holdings Trust, A Delaware Statutory Trust~~ for a Judgment of Foreclosure and Sale, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and the Supplemental Memorandum of Law and Declaration dated September 8, 2023, the Court finds that the Order dated September 28, 2023, likewise directing defendants to show cause;

The amount computed by the Court to be due on ~~the Note and Mortgage~~ the Home Equity Line of Credit dated January 26, 2006, executed and delivered by defendant James B. Smith (the "Note") and the Credit Line Mortgage dated January 26, 2006, executed by defendants James B. Smith and Susan J. Smith to GMAC Mortgage Corporation (the "Mortgage"), is $484,380.90, including interest as of September 8, 2023.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" ~~and~~ be sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the ~~adjoining~~ said premises, to the center line thereof.

Together with all fixtures and articles of ~~personnel~~ [personal] property annexed to, installed in, or used in connection with the ~~mortgage~~ [mortgaged] premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following [including any senior lien or mortgage]: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held ~~in at public auction to be held~~ on the steps of the United States District Courthouse, 300 Quarropas Street, White Plains, New York, by and under the direction of Carl L. Finger, Esq. who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL § 231 in the Times Herald Record and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, said third party shall tender to the Referee at the time of the foreclosure sale a deposit in the amount equal to at least ten percent (10%) of the amount of the purchase price by certified funds payable to the order of the Referee, and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in a FDIC insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $750.00 to said Referee for his fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd    And also the sum of $484,380.90 (inclusive of costs), the amount computed and adjudged to Plaintiff as aforesaid, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or his duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency ~~thereof~~ is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee, the Referee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes,

assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendants the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien

and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Said premises commonly known as 55 Coppergate Lane, Warwick, New York 10990.

A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: White Plains, New York

_10/27_, 2023

ENTER:

_[signature]_

The Honorable Vincent Briccetti, U.S.D.J.

→ The Clerk shall close this case.

SCHEDULE A
DESCRIPTION

Section 17 Block 2 Lot 8

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Warwick, County of Orange and State of New York, being known and designated as Lot No. 8 on a certain map entitled, "Stony Creek of Warwick," prepared by Vincent A. Pietrzak, P.L.S., dated October 3, 1995 and last revised August 11, 1996 and filed in the Orange County Clerk's Office on November 13, 1996, as Map No. 238-96 and being further described as follows:

ALL that parcel of land, lying, situate and being in the Town of Warwick, County of Orange, State of New York and being more accurately described as follows:

BEGINNING at a point on the southeasterly sideline of Coppergate Lane, said point being a point in common with Filed Map Lot 7, as shown on a map entitled, "Stony Creek of Warwick-Cluster Subdivision," filed with the Orange County Clerk's Office on November 13, 1996, as Map No. 238-96 and running thence along said Lot 7 S56°55'55"E 315.00 feet to a point in common with lands now or formerly of Teskera (Tax Map Section 17 Block 1 Lot 54 - Liber 2393 Page 278); thence along said lands of Teskera S33°04'05"W 127.00 feet to a point in common with Lot 9, as shown on the above mentioned map; thence along said Lot 9 N56°55'55"W 315.00 feet to a point in common with the southeasterly sideline of Coppergate Lane; thence along said sideline N33°04'05"E 127.00 feet to the point or place of beginning.

Premises known as 55 Coppergate Lane, Warwick, New York 10990